IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

             Plaintiff,

   vs.                                          Criminal No. 1:18-cr-10156-DPW

Carlos TORRES
Carlos RODRIGUEZ

             Defendants.

## PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING CONFIDENTIAL INFORMANT INFORMATION

The Court has read and considered the assented-to motion by the government for a Protective Order Regarding Discovery Containing Confidential Informant Information.  FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

1.     The government's discovery in this case relates to the defendants' alleged crimes, which include alleged violations of Title 21, United States Code, Section 846, Conspiracy to Distribute and Possess with Intent to Distribute 400 Grams or More of Fentanyl; Title 21 United States Code, Section 841, Possession with Intent to Distribute 400 Grams or More of Fentanyl and 40 Grams or More of Fentanyl; and Title 18, United States Code, Section 924(c), Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

2.     Certain parts of the discovery in this case relate to confidential informants and/or cooperating witnesses involved in the investigation of this case, and therefore the discovery contains personal identifying information.  The dissemination or distribution of these materials

2

could compromise the ability of the confidential informants and/or cooperating witnesses to participate effectively in future investigations in an undercover capacity, and it could expose them to potential safety risks.

3.    The discovery related to confidential informants and/or cooperating witnesses that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

a.    For purposes of the Protective Order, the term "confidential materials" includes any information relating to a confidential informant's or cooperating witness's prior history of cooperation with law enforcement, any confidential informant's or cooperating witness's recorded statements, whether written or oral, prior criminal history, or any other information that could be used to identify a confidential informant or cooperating witness, such as a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number.  The term "Protected Information" refers to any document or information containing confidential materials that the government produces to the defense pursuant to the Protective Order, and that is clearly marked by the government with the legend "CONTENTS SUBJECT TO PROTECTIVE ORDER."

b.    For purposes of the Protective Order, the term "defense team" refers to (1) defendants' counsel of record, (2) other attorneys at defense counsel's law firms who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendants' counsel of record providing assistance on this case -- all of whom have been

3

advised of their obligations under the Protective Order and have affirmed to the defendants' counsel of record that they agree to be bound by the terms of the Protective Order. The term "defense team" does not include defendants, the defendants' family members, or any other associates of the defendants.

c.        Defendants' counsel of record agrees to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any Protected Information.

d.        The government is authorized to provide defendants' counsel of record with Protected Information marked with the following legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER." If the defendants object to any such designation, they may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

e.        The defendants may review Protected Information in this case only in the presence of their counsel of record, and their counsel of record shall ensure that defendants are never left alone with any discovery subject to the Protective Order. Defendants may see and review Protected Information in the presence of their counsel of record or other member of the defense team, but the defendants may not copy, keep, maintain, or otherwise possess any of such Protected Information in this case without authorization from the Court. Defendants must return any Protected Information to their counsel of record at the conclusion of any meeting at which the defendants were permitted to view the Protected Information. Neither defendant may take any Protected Information out of the room in which he meets with his counsel of record. Defendants

may not write down or memorialize any confidential materials contained in the Protected

Information.  At the conclusion of any meeting with the defendants, defendants' counsel

of record shall take with them all Protected Information.  At no time, under no

circumstance, will any Protected Information be left in the possession, custody, or control

of defendants, whether they are incarcerated or not, without leave of Court.

f.      The defense team shall not permit anyone other than the defense team to have

possession of Protected Information, including the defendants.

g.      The defense team shall access and use Protected Information solely in connection

with this case, *e.g.*, in preparation for trial or other proceedings in the case.  The defense

team may review Protected Information with a witness or potential witness in this case,

including the defendants, subject to the requirement above that defense counsel must be

present if Protected Information is being shown to defendants.  Before being shown any

portion of Protected Information, any witness or potential witness must be informed of,

and agree to be bound by, the requirements of the Protective Order.  No witness or

potential witness may retain Protected Information, or any copy thereof, after his or her

review of those materials with the defense team is complete.

h.      The defense team shall maintain Protected Information safely and securely, and

shall exercise reasonable care in ensuring the confidentiality of Protected Information by:

(1) not permitting anyone other than defense team members and defendants as restricted

above to see Protected Information; (2) not disclosing to anyone the contents of Protected

Information; and (3) not permitting Protected Information to be outside the defense

team's offices, homes, vehicles, or personal presence.

i.      To the extent that notes are made that memorialize, in whole or in part, the confidential material in any Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions shall be Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

j.      The defense team shall use Protected Information and materials otherwise identified as containing confidential materials only for the litigation of this matter and for no other purpose.  Litigation of this matter includes any appeals filed by the defendants and any motions filed by the defendants pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Protected Information or materials otherwise identified as containing confidential material with the Court or disclose the contents of such materials in court filings, the filings shall be made under seal, unless leave of Court is obtained to file them publicly.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other parties to afford such other parties an opportunity to object or otherwise respond to the Court's decision.  If the other parties do not object to the proposed filing, the party seeking to file such information shall redact the confidential material and make all reasonable attempts to limit the disclosure of confidential material.

k.      Defendants and the defense team also agree that any confidential material produced in the government's discovery prior to the date of the Protective Order shall be deemed covered by the terms of the Protective Order, provided such materials have been clearly marked with the legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER." Notwithstanding anything in this Protective Order to the contrary, unless a document

6

produced in discovery is clearly marked with the legend "CONTENTS SUBJECT TO PROTECTIVE ORDER," it shall not be considered Protected Information, confidential, or otherwise subject to this Protective Order.

l.     Upon the final disposition of this case, any Protected Information and material otherwise identified as containing confidential information shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order. Within thirty days of the conclusion of all appellate and post-conviction proceedings, the defense team shall return Protected Information and material otherwise identified as containing confidential material to the government or certify that all such material has been destroyed.

m.     In the event that there is a substitution of counsel prior to the date when confidential material subject to this Protective Order must be returned or destroyed, new defense counsel shall be required to agree in writing to abide by the terms of this Protective Order before any Protected Information or material otherwise identified as containing confidential material may be transferred from the current defense counsel to the new defense counsel.

SO ORDERED.

7/2/2018
DATED

/s/ M. Page Kelley
HONORABLE M. PAGE KELLEY
UNITED STATES MAGISTRATE JUDGE